

**KARIN J. IMMERGUT**
Oregon State Bar No. 96314
United States Attorney
District of Oregon
**TIMOTHY W. SIMMONS**
Oregon State Bar No. 92461
e-mail: tim.simmons@usdoj.gov
Assistant United States Attorney
405 E. 8th Ave., Suite 2400
Eugene, Oregon  97401-2708
Telephone: 541-465-6740
Facsimile: 541-465-6917
    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>        v.<br><br>THE UNKNOWN HEIRS, DEVISEES, SUCCESSORS IN INTEREST AND CLAIMANTS TO THE ESTATE OF LLOYD E. GRAY, DECEASED; CATHERINE CLIFFORD *formerly known as* CATHERINE GRAY *also known as* CATHERINE HERNANDEZ; PEAK FINANCIAL PARTNERS, INC.; BENEFICIAL OREGON, INC.; SALVADOR TREJO HERNANDEZ *also known as* SALVADOR T. HERNANDEZ; and STATE OF OREGON DEPARTMENT OF JUSTICE, DIVISION OF CHILD SUPPORT,<br><br>                           Defendants. | Civil No.<br><br>**CV'08--689-AA**<br><br>**COMPLAINT**<br>**FORECLOSURE OF**<br>**REAL ESTATE**<br>**DEED OF TRUST** |

    COMES NOW the United States of America and for claim of relief against the above-named Defendants alleges:

    1.    This is a civil action to collect a debt to the United States and jurisdiction exists by virtue of 28 U.S.C. § 1345.

Page 1 - Complaint Foreclosure of Real Estate Deeds of Trust

2. On or about January 28, 1988, Lloyd E. Gray and Defendant Catherine Gray, then husband and wife, executed and delivered to Plaintiff a promissory note in the amount of $47,000.00. A copy is attached as Exhibit A.

3. On or about January 28, 1988, for the purpose of securing the payment of the promissory note described in paragraph 2, Lloyd E. Gray and Defendant Catherine Gray, then husband and wife, executed and delivered to Plaintiff a real estate deed of trust upon the property described in said real estate deed of trust. A copy is attached as Exhibit B. This real estate deed of trust was recorded January 29 1988, as Instrument No. 83926, in Volume M88, Page 1428, Official Records of Klamath County, Oregon. Said real estate deed of trust still exists of record as unsatisfied and as a first lien upon the property therein described.

4. Defendant Catherine Gray and Lloyd Gray divorced June 28, 1989. Lloyd E. Gray died on October 29, 1999. The identity of heirs, devisees, successors in interest and claimants to the Estate of Lloyd E. Gray, deceased, are unknown.

5. The unknown heirs, devisees, successors in interest and claimants to the Estate of Lloyd E. Gray and Defendant Catherine Gray now known as Catherine Clifford are delinquent in the payment of the indebtedness. In accordance with the provisions of the promissory note and real estate deed of trust described herein, and after taking all actions required under applicable regulations, on May 21, 2007, Plaintiff did accelerate the maturity of the entire indebtedness owing under the terms of the promissory note and real estate deed of trust and declared the same to be due. The unknown heirs, devisees, successors in interest and claimants to the Estate of Lloyd E. Gray and Defendant Catherine Gray now known as Catherine Clifford are indebted to Plaintiff in the amount of $35,370.86 principal, and $3,516.72 interest computed through February 14, 2008, plus $41,050.44 subsidy subject to recapture, $2,140.39 administrative fees and interest accruing thereafter at the daily rate of $9.2061.

6. Defendant Peak Financial Partners, Inc., claims an interest in the real property by reason of an assignment recorded October 5, 2006, in Volume 2006, Page 020075, of an original

Page 2 - Complaint Foreclosure of Real Estate Deeds of Trust

deed of trust recorded March 14, 2001, in Volume M01, Page 10218, Official Records of Klamath County, Oregon.

7. Defendant Beneficial Oregon, Inc., claims an interest in the security property by reason of a deed of trust recorded November 13, 2001, I Volume M01, Page 57865, Official Record of Klamath County, Oregon.

8. Defendant State of Oregon Department of Justice, Division of Child Support claims an interest in the security property by reason of a judgment entered September 17, 2001, in Case No. 0103539CV, Official Records of Klamath County, Oregon.

9. Defendant Salvador Trejo Hernandez is named as a Defendant in this action because he holds an undivided 50% interest in the subject property as well as lives in the house subject to this foreclosure action.

10. Plaintiff is proceeding in rem against its real property security and makes no claim for personal judgment against any defendants. Plaintiff's recovery should be limited to the proceeds of sale of the mortgaged property.

11. The interests of all Defendants are inferior to the interest of the Plaintiff.

WHEREFORE, Plaintiff demands judgment in rem against Defendants as follows:

1. Against the unknown heirs, devisees, successors in interest and claimants to the Estate of Lloyd E. Gray and Defendant Catherine Clifford *formerly known as* Catherine Gray *also known as* Catherine Hernandez in the amount of $82,078.41 ($35,370.86 principal and $3,516.72 interest and interest accrued through February 14, 2008, plus $41,050.44 subsidy subject to recapture and $2,140.39 administrative fees and interest) and interest to accrue at the daily rate of $9.2061 from February 14, 2008, to the date of judgment, and interest from the date of judgment at the legal rate until paid in full, for costs of suit, and other proper relief.

2. Directing that the real estate deed of trust be foreclosed and the real property be sold by the United States Marshal for the District of Oregon in the manner provided by law; that the parties hereto be allowed to bid at the said foreclosure sale; that the purchaser at said sale

shall be issued a Certificate of Sale of Real Property, be immediately let into possession of said property, and be entitled to such remedies as are available at law to secure possession, including a writ of assistance, if defendant[s], or any of them, or any other party or person shall refuse to surrender possession to the purchaser immediately on the purchaser's demand for possession; and that at the termination of the redemption period the Marshal issue his Deed.

3. That the proceeds realized from the sale of the real property aforesaid be applied as follows: first, in payment of attorney fees, costs, and expenses of this suit; and second, in payment of Plaintiff's judgment.

4. Decreeing that the Defendants and all persons claiming by, through or under them be forever barred and foreclosed from asserting any right, title or interest in and to the real property, except the right of redemption provided by law.

5. That Plaintiff shall not have a personal judgment for any deficiency against any defendant if said sale proceeds do not satisfy its mortgage indebtedness.

6. For such other and further relief as the Court may deem fit and proper.

DATED this 6th day of June, 2008.

KARIN J. IMMERGUT
United States Attorney
District of Oregon

TIMOTHY W. SIMMONS
Assistant United States Attorney
Oregon State Bar No. 92461
Attorneys for Plaintiff

Page 4 - Complaint Foreclosure of Real Estate Deeds of Trust

Gray, Lloyd E.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Form FmHA 440-16
(Rev. 11-10-75)

**PROMISSORY NOTE**

| KIND OF LOAN | | STATE |
|---|---|---|
| Type: RH | | OREGON |
| Pursuant to: | | COUNTY |
| ☐ Consolidated Farm and Rural Development Act. | | Klamath |
| ☒ Title V of the Housing Act of 1949. | | CASE NO. 43-18541586286 |

Date __January 28__, 19 _88_.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in

___Klamath Falls, Oregon 97603___,

THE PRINCIPAL SUM OF ___FORTY SEVEN THOUSAND AND NO/100___

DOLLARS ($ __47,000.00__ ), plus INTEREST on the UNPAID PRINCIPAL of

___Nine and one-Half___ PERCENT ( __9.5__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I. Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due on _____, 19 __. Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II. Principal and Interest payments shall be deferred. The interest accrued to _____, 19 __ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III. Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19 __, through _____, 19 __. Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ IV. Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

$ __390.00__ on __February 28__, 19 _88_, and
$ __390.00__ thereafter on the __28th__ of each __month__
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE __Thirty-Three__ ( __33__ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Exhibit __A__
Page __1__

FmHA 440-16 (Rev. 11-10-75)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

REFINANCING AGREEMENT: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Exhibit A
Page 2

Presentment, protest, and notice are hereby waived.

*Lloyd E. Gray* (signature) _____ (SEAL)
Lloyd E. Gray (BORROWER)

*Catherine Gray* (signature) _____ (SEAL)
Catherine Gray (SPOUSE)

P.O. Box 346
Malin, Oregon 97632

| RECORD OF ADVANCES ||||||
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

Exhibit ___A___
Page ___3___

FmHA 440-16 (Rev. 11-10-75)

USDA-FmHA
Form FmHA 427-7 OR
(Rev. 4-21-81)

Position 5

5 3 1818

Vol M88 Page 1428

**REAL ESTATE DEED OF TRUST FOR OREGON**
(Rural Housing)

83926

THIS DEED OF TRUST is made and entered into by and between the undersigned _____

LLOYD E. GRAY and CATHERINE GRAY, husband and wife _____

residing in _____ Klamath _____ County, Oregon, as grantor(s), herein called "Borrower," and the Farmers Home Administration, United States Department of Agriculture, acting through the State Director of the Farmers Home Administration for the State of Oregon whose post office address is 2455 Patterson Street, Suite 1, Klamath Falls Oregon 97603, as trustee, herein called "Trustee," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, as beneficiary, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| January 28, 1988 | $47,000.00 | 9.5% | January 28, 2021 |

2106 Rosicky
Malin, OR
97632

And the note evidences a loan to Borrower, and the Go___ ment thereof pursuant to Title V of the Housing Act of 19__ Administration;
And it is the purpose and intent of this instrument that Government, or in the event the Government should assign t__ shall secure payment of the note; but when the note is held by the note or attach to the debt evidenced thereby, but as to t__ to secure the Government against loss under its insurance contr___ note and insure the pay- 1 by the Farmers Home
n the note is held by the 1e note, this instrument 1 not secure payment of an indemnity mortgage
by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) Borrower hereby grants bargains, sell, conveys, warrants and mortgages to Trustee the following described property situated in the State of Oregon, County(ies) of _____ Klamath _____,
which said described real property is not currently used for agricultural, timber or grazing purposes:

Lots 1 and 2, Block 59, MALIN, in the County of Klamath,
State of Oregon.

FmHA 427-7 OR (Rev. 4-21-81)

Rt. AT+E.

Exhibit B
Page 1

1429

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or capreting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto Trustee, Trustee's successors, grantees and assigns forever;

IN TRUST, NEVERTHELESS, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance endorsement by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in supplementary agreement, the provisions of which are hereby incorporated herein and made a part hereof.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS the property and the title thereto unto Trustee for the benefit of the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Such advances, with interest, shall be repaid from the first available collections received from Borrower. Otherwise, any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

Exhibit B
Page 2

**1430**

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights, as beneficiary hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower, will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other secured instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, and (d) authorize and request Trustee to foreclose this instrument and sell the property as provided by law.

(18) At the request of the Government, Trustee may foreclose this instrument by advertisement and sale of the property as provided by law, for cash or secured credit at the option of the Government; such sale may be adjourned from time to time without other notice than oral proclamation at the time and place appointed for such sale and correction made on the posted notices; and at such sale the Government and its agents may bid and purchase as a stranger; Trustee at Trustee's option may conduct such sale without being personally present, through Trustee's delegate authorized by Trustee for such purpose orally or in writing and Trustee's execution of a conveyance of the property or any part thereof to any purchaser at foreclosure sale shall be conclusive evidence that the sale was conducted by Trustee personally or through Trustee's delegate duly authorized in accordance herewith.

(19) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. In case the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

Exhibit ___B___
Page ___3___

(20) All powers and a...cies granted in this instrument are coupled with ...nter  nd are irrevocable by death or otherwise; and the rights and remedie... ...vided in this instrument are cumulative to rer ... provided by law.

(21) Borrower agrees that the Government will not be bound by any present .. future laws, (a) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (b) prescribing any other statute of limitations, or (c) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

(22) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(23) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(24) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, Portland, Oregon 97204 and in the case of Borrower at the post office address stated above.

(25) Upon the final payment of all indebtedness hereby secured and the performance and discharge of each and every condition, agreement and obligation, contingent or otherwise, contained herein or secured hereby, the Government shall request trustee to execute and deliver to Borrower at Borrower's above post office address a deed of reconveyance of the property within 60 days after written demand by Borrower, and Borrower hereby waives the benefits of all laws requiring earlier execution or delivery of such deed of reconveyance.

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

WITNESS the hand(s) of Borrower this _28th_ day of _January_, 19_88_.

_Lloyd E. Gray_
LLOYD E. GRAY

_Catherine Gray_
CATHERINE GRAY

## ACKNOWLEDGMENT FOR OREGON

STATE OF OREGON )
) ss:
COUNTY OF Klamath )

On this 29th day of January, 19 88, personally appeared the above-named LLOYD E. GRAY and CATHERINE GRAY, husband and wife, and acknowledged the foregoing instrument to be their voluntary act and deed. Before me:

_Sandra Handsaker_
NOTARY PUBLIC FOR OREGON   Notary Public.

(NOTARIAL SEAL)

My Commission expires 7-23-89

Exhibit B
Page 4

STATE OF OREGON: COUNTY OF KLAMATH:   ss.

rower. Borrower expressly waives the be... of any such State laws.

(22) If any part of the loan for w... t this instrument is given shall be used to financ... e purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(23) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(24) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, Portland, Oregon 97204 and in the case of Borrower at the post office address stated above.

(25) Upon the final payment of all indebtedness hereby secured and the performance and discharge of each and every condition, agreement and obligation, contingent or otherwise, contained herein or secured hereby, the Government shall request trustee to execute and deliver to Borrower at Borrower's above post office address a deed of reconveyance of the property within 60 days after written demand by Borrower, and Borrower hereby waives the benefits of all laws requiring earlier execution or delivery of such deed of reconveyance.

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

WITNESS the hand(s) of Borrower this \_\_\_28th\_\_\_ day of \_\_\_January\_\_\_, 19 88.

_Lloyd E. Gray_
LLOYD E. GRAY

_Catherine Gray_
CATHERINE GRAY

## ACKNOWLEDGMENT
## FOR OREGON

STATE OF OREGON )
) ss:
COUNTY OF Klamath )

On this 29th day of January, 19 88, personally appeared the above-named LLOYD E. GRAY and CATHERINE GRAY, husband and wife, and acknowledged the foregoing instrument to be their voluntary act and deed. Before me:

_Sandra Handsaker_
NOTARY PUBLIC FOR OREGON       Notary Public.

[NOTARIAL SEAL]

My Commission expires 7-23-89

Exhibit B
Page 5

STATE OF OREGON: COUNTY OF KLAMATH: ss.

Filed for record at request of \_\_\_Aspen Title & Escrow, Inc.\_\_\_ the \_\_\_29th\_\_\_ day of \_\_\_January\_\_\_ A.D., 19 88 at 3:14 ___ and duly recorded in Vol. \_\_M88\_\_, of \_\_\_Mortgages\_\_\_ on Page 1428.

Evelyn Biehn, County Clerk
By _Pam Smith_

FEE $20.00      INDEXED